UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

-vs-                                      Case No. 5:04-cv-268-Oc-10GRJ

ACCOUNT #34006259, All Contents of
Citibank, New York, N.Y., Account No.
34005259, in the name of Antonio Fung,
ABA: 021000089,

         Defendant.
_____/

## **O R D E R**

On June 27, 2005, the Clerk entered default against the Defendant, Account #34006259, All Contents of Citibank, New York, N.Y., Account No. 34005259, in the name of Antonio Fung, ABA: 021000089, (Doc. 15) and in favor of the Plaintiff, United States of America. This case is now before the Court for consideration of the Plaintiff's motion (Doc. 17) for the entry of final default judgment against the Defendant and order forfeiture of the contents of the Defendant Bank Account to the United States. The Plaintiff's motion is due to be granted.

The Plaintiff filed its Verified Complaint for Forfeiture in rem, pursuant to 18 U.S.C. § 981(a)(1)(A), 18 U.S.C. § 1956(h), and 21 U.S.C. § 881(a)(6) on June 25, 2004, alleging that the contents of the Defendant Bank Account are subject to forfeiture as drug proceeds laundered through the United States banking system. (Doc. 1). The Plaintiff further alleges

that the Defendant Bank Account was but one of numerous different bank accounts used in a scheme to launder drug proceeds via a system of wire transfers from the Middle District of Florida, Lake County, Florida, to domestic and international bank accounts. The Defendant has not answered or otherwise appeared in this action, and by virtue of the Defendant's default, these allegations are admitted as true.[1]

The Plaintiff requests forfeiture of the entire contents of the Defendant Bank Account. Pursuant to 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 1956, any property involved in, or traced to the crime of money laundering is subject to forfeiture to the United States. Similarly, 21 U.S.C. § 881(a)(6) provides that any moneys, negotiable instruments, or other things of value which are furnished or intended to be furnished to any person in exchange for a controlled substance shall be subject to forfeiture to the United States. Accordingly, the Plaintiff is entitled to the forfeiture of the entire contents of the Defendant Bank Account.

Therefore, upon due consideration, it is ordered that:

(1) the Plaintiff's Motion for Default Judgment of Forfeiture (Doc. 17) is GRANTED;

(2) judgment by default pursuant to Federal Rule of Civil Procedure 55(b) is GRANTED in favor of the Plaintiff, United States of America, and against the Defendant, Account #34006259, All Contents of Citibank, New York, N.Y., Account No. 34005259, in the name of Antonio Fung, ABA: 021000089;

---

[1] Buchanan v. Bowman, 829 F.2d 359, 361 (11th Cir. 1987).

(3) the entire contents of the Defendant Bank Account are forfeited to the United States and,

(4) the Clerk is directed to enter judgment accordingly and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 10th day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy